UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00167-JRS-MJD |
| | ) | |
| BRITTANIE CROUSORE, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Early Termination of Supervised Release**

Brittanie Crousore has moved the Court for early termination of her supervised release. (ECF No. 87.) The U.S. Probation Office filed a response, (ECF No. 90); the Government will defer to the recommendation of Probation, (*id.*).

On February 18, 2021, Crousore was convicted of one count of False Statement During Purchase of a Firearm in violation of 18 U.S.C. § 922(a)(6). Crousore was sentenced to 36 months of probation and began supervision immediately. Supervision is set to expire on February 18, 2024. Crousore struggled during her first year of supervision. She tested positive for cocaine use on April 6, 2021. Crousore underwent treatment but relapsed in March of 2022. However, Crousore has been sober ever since.

Crousore moves for early termination of her supervised release for several reasons. (ECF No. 87.) First, as mentioned, Crousore has been sober for more than 15 months. Further, Crousore has an exceptionally positive relationship with her Probation Officer, who fully supports Crousore's early termination request. (ECF No.

90.) Crousore also takes full accountability of her past mistakes, acknowledges her past addiction to drugs (as exemplified by her turning herself in for rehabilitation), and desires a better life. (*See generally* ECF No. 87.) Since becoming sober, Crousore has turned to faith; she began working a stable job; she obtained her first home where she continues to reside; she gave birth to a new child who gives her life renewed focus and purpose; she continues to go to counseling and is "greatful [sic] for what has happened because it has changed [her] life and saved it." (*Id.* at 2.)

The U.S. Probation Office fully supports Crousore's early termination request, and the Government has deferred to Probation's recommendation. Probation states that, besides the drug addiction setbacks early in her supervision, Crousore has been fully compliant, has not incurred any other violations of supervision, has excelled in her substance abuse treatment, and has made positive life changes through proactive and rehabilitative measures. (ECF No. 90 at 1.)

The Court commends Crousore's positive life changes. A district court may terminate a term of supervised release after the defendant has served at least one year if, after considering certain factors listed in 18 U.S.C. §3553(a), the court finds that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In general, the court must hold a hearing, at which the defendant "has the right to counsel and an opportunity to make a statement and present any information in mitigation is required." Fed. R. Crim. P. 32.1(c)(1). A hearing is not required, however, if: (1) the defendant waives the hearing; (2) the request for early termination is denied; or (3) the relief sought is

favorable to the defendant and does not extend the term of supervision and "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2). A district court has broad discretion in deciding whether to terminate a term of supervised release. *See United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011). Explicit findings on each relevant factor are not required, but there must be "some indication" that the factors were considered. *Id.* at 998 (suggesting a statement that the court "has considered the statutory factors is sufficient").

Having considered the statutory factors, the Court finds that early termination of supervision on September 18, 2023, is warranted, assuming continued compliance. This determination accounts for the nature and circumstances of the underlying offense—a nonviolent crime involving a false statement while purchasing a firearm. This also accounts for Crousore's history and characteristics, including her recent compliance with supervision conditions, her stability of residence and employment, and the fact that she takes full accountability of her past mistakes. While Crousore perhaps wishes for an earlier termination date, in light of her relapse in March of 2022, the Court will continue supervision for a few more months to ensure complete rehabilitation.

Thus, upon considering the statutory factors and assuming continued compliance, the Court finds that termination of Crousore's supervised release on September 18, 2023, is warranted by Crousore's conduct and the interest of justice. Accordingly, Crousore's Motion for Early Termination of Supervised Release, (ECF

No. 87), is **granted**, **and, provided that Crousore continues to comply with all provisions of her supervision, her term of supervised release will terminate on September 18, 2023.** The Court congratulates Ms. Crousore on her rehabilitation and wishes her the best of luck.

    **SO ORDERED.**

Date: 07/10/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov

Officer Brian Bowers
U.S. Probation Office

Brittanie Crousore – copy c/o U.S. Probation